UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>GOLD TOUCH INVESTMENT SPE, LLC, et al.,<br><br>    Defendants. | Case No.18-cv-05881-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART STIPULATION TO SET ASIDE DEFAULT AND FILE ANSWER**<br><br>Re: Dkt. No. 22 |

Plaintiff Scott Johnson filed the present action on September 25, 2018. Dkt. No. 1. Defendant Gold Touch Investment SPE, LLC ("Gold Touch") answered the complaint on November 19, 2018. Dkt. No. 12. Mr. Johnson subsequently moved for and the Clerk of the Court entered default as to defendant Marina Auto Corporation ("Marina Auto"). Dkt. Nos. 16, 17.

In response to the Court's Order to Show Cause issued on February 22, 2019, Mr. Johnson represented that counsel for Gold Touch also represents Marina Auto and that the parties were working together to set aside the default against Marina Auto. Dkt. No. 19. In light of that information, the Court issued a scheduling order requiring, among other deadlines, Marina Auto to file a motion to set aside default by March 13, 2019, the parties to conduct the joint site inspection by March 29, 2019, and Mr. Johnson to file a notice of need for mediation by April 28, 2019. Dkt. No. 20.

Marina Auto did not file a motion to set aside default by the March 13 deadline. Instead, on March 29, 2019, the parties filed a stipulated request to set aside default and to set the deadline for Mr. Johnson's notice of need for mediation for 42 days from the date of the stipulation. Dkt.

No. 23.  For good cause shown, the Court grants the parties' request to set aside the entry of default as to Marina Auto pursuant to Federal Rule of Civil Procedure 55(c).

However, the parties have not shown good cause for extending the deadline for filing the notice of need for mediation, particularly in view of their representation that they conducted the joint site inspection on March 14, 2019.  Dkt. No. 23 at 2.  Under General Order 56, the normal deadline for filing a notice of need for mediation would have been April 25, 2019—a deadline the Court has already extended to April 28, 2019.  Dkt. No. 5 at 2 (setting deadline for notice of need for mediation 42 days after date of joint site inspection) *with* Dkt. No. 20 at 2.  The Court therefore denies the parties' request for an extension.

All deadlines in the Court's February 27, 2019 scheduling order (Dkt. No. 20) remain in effect.

**IT IS SO ORDERED.**

Dated: March 29, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge